United States District Court
Southern District of Texas
**ENTERED**
September 18, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA, §
§
Plaintiff/Respondent, §
§   CIVIL ACTION NO. H-25-3158
v. §   (CRIMINAL NUMBER H-18-405-05)
§
ANDY BADENOCK, §
§
Defendant/Petitioner. §

## MEMORANDUM OPINION AND ORDER

Andy Badenock ("Petitioner") was found guilty of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A)(ii).[1]   Pending before the court is Petitioner's Motion for Extension of 28 U.S.C. § 2255 Petition Deadline ("Petitioner's Motion to Extend") (Docket Entry No. 460); Petitioner's Request for Acceptance of Untimely Habeas Petition Pursuant to 28 U.S.C. § 2255(f) ("Petitioner's Request for Untimely Petition") (Docket Entry No. 466); Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("Petitioner's § 2255 Motion") (Docket Entry No. 465); Petitioner's Motion to Compel Counsel to Surrender Case File in Subject Matter to the Defendant of this Case ("Petitioner's Motion

---

[1]Judgment in a Criminal Case, Docket Entry No. 380, p. 1.  All docket entry references are to Criminal No. H-18-405.  Page citations are to the pagination imprinted by the federal court's electronic filing system at the top and right of the document.

to Compel") (Docket Entry No. 459); and Petitioner's request to remove Judge from the case ("Petitioner's Motion for Recusal") (Docket Entry No. 487).   For the reasons explained below, Petitioner's Motion to Extend, Petitioner's Request for Untimely Petition, Petitioner's Motion to Compel, and Petitioner's Motion for Recusal will be denied, and Petitioner's § 2255 Motion will be dismissed.

## I.  **Background**

On July, 18, 2018, Petitioner and seven others were indicted in this case.[2]   The Indictment alleged that Petitioner and codefendants "knowingly and intentionally . . . agree[d] . . . to possess with the intent to distribute five (5) kilograms" of cocaine, a Schedule II controlled substance.[3]   Petitioner's codefendants pleaded guilty and testified at trial.[4]   On November 7, 2019, a Superseding Indictment was returned charging Petitioner alone.[5]

At trial, the United States presented intercepted calls that revealed Petitioner's role in a plan to sell cocaine.[6]   The

---

[2]Indictment, Docket Entry No. 1, p. 1.

[3]Id. at 1-2.

[4]Transcript of Jury Trial - Day 2, Docket Entry No. 404-1, pp. 82, 186-87, 256-57.

[5]Superseding Indictment, Docket Entry No. 135, p. 1.

[6]Transcript of Jury Trial - Day 2, Docket Entry No. 404-1, pp. 133-35.

United States also presented testimony from the codefendants that had plead guilty to the initial indictment.[7]

After a four-day trial, the jury found Petitioner guilty.[8] The court sentenced him to 120 months in prison and five years of supervised release.[9]

After sentencing, Petitioner, in a counseled brief, appealed the lower court's decision to the Fifth Circuit arguing that he was denied his constitutional rights because of a pre-indictment delay. United States v. Badenock, No. 21-20468, 2024 WL 550331, at *1 (5th Cir. Feb. 12, 2024). The Fifth Circuit affirmed Petitioner's conviction on February 12, 2024. Id. Between October of 2022 and February of 2025 Petitioner filed multiple pro se motions asking this court to unseal and to release his files and records.[10] One motion to compel, filed on February 6, 2025,[11] remains pending before the court.

On May 4, 2025, Petitioner filed a motion asking the court to extend the deadline for filing a § 2255 motion.[12] On June 23, 2025,

---

[7]Id. at 96-97.

[8]Jury Verdict, Docket Entry No. 268, p. 1.

[9]Judgment in a Criminal Case, Docket Entry No. 380, pp. 2-3.

[10]Motion to Compel Counsel to Release Files and Record, Docket Entry No. 416; Letter requesting the court to intervene, unseal, and send copies of documents, Docket Entry No. 417; Motion to Compel Discovery & Files, Docket Entry No. 449.

[11]Petitioner's Motion to Compel, Docket Entry No. 459, p. 4.

[12]Petitioner's Motion to Extend, Docket Entry No. 460.

-3-

Petitioner mailed Petitioner's § 2255 Motion[13] and Petitioner's Request for Untimely Habeas.[14]  Petitioner argues that Petitioner's § 2255 Motion is not time barred because the one-year limitation period has been tolled under § 2255(f)(2) or under equitable tolling.

## II. **Analysis**

### A. **The court lacks jurisdiction to consider Petitioner's Motion to Extend.**

The exercise of federal jurisdiction under the Constitution, "depends on the existence of a case or controversy, and a federal court [lacks] the power to render advisory opinions." United States National Bank of Oregon v. Independent Insurance Agents of America, Inc., 113 S. Ct. 2173, 2178 (1993) (internal quotation marks omitted).  Therefore, a federal court does not have jurisdiction to "consider a motion to extend the time to file a [§ 2255 motion] when no such petition has actually been filed." United States v. Leon, 203 F.3d 162, 163 (2d Cir. 2000) (per curiam).

On May 4, 2025, Petitioner filed a motion asking the court to extend the deadline for filing a § 2255 motion.[15]  However, Petitioner did not mail his § 2255 motion until June 23, 2025.[16]

---

[13]Petitioner's § 2255 Motion, Docket Entry No. 465, p. 12.

[14]Petitioner's Request for Untimely Petition, Docket Entry No. 466.

[15]Petitioner's Motion to Extend, Docket Entry No. 460, p. 4.

[16]Petitioner's § 2255 Motion, Docket Entry No. 465, p. 12.

Accordingly, the court lacks jurisdiction to consider the motion to extend the filing deadline.

**B.    Petitioner's § 2255 Motion is untimely.**

    1.    <u>Under 28 U.S.C. § 2255(f), Petitioner's one-year limitation period began to run when his conviction became final.</u>

A motion under 28 U.S.C. § 2255 is subject to a one-year limitation period, which under § 2255(f) may begin to run on four different dates.[17] Petitioner argues that his one-year limitation period was tolled under § 2255(f)(2) because he was impeded from filing on time due to government interference.[18] However, for the

---

[17]Section 2255 provides certain alternative dates upon which the limitations period may begin. Specifically, it provides that the limitations period shall run from the latest of:

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

    [18]Petitioner does not actually cite § 2255(f)(2) when arguing that his petition was timely. However, when Petitioner's motions are liberally construed, it is obvious he is arguing that his one-year limitation period began to run on the date described by § 2255(f)(2).

reasons discussed below, § 2255(f)(2) is not applicable to this case.  Because Petitioner did not allege any information invoking § 2255(f)(3)-(4),[19] Petitioner's one-year limitation period began to run when his conviction became final  under § 2255(f)(1).

        a.    Because 28 U.S.C. § 2255(f)(2) is not applicable to Petitioner's one-year limitation period, Petitioner's § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1).

Under § 2255(f)(1), the one-year limitation period begins to run when the conviction becomes final. 28 U.S.C. § 2255(f)(1).  A conviction is final on the day the petitioner's writ of certiorari is denied by the Supreme Court. United States v. Thomas, 203 F.3d 350, 355 (5th Cir. 2000).  If the petitioner does not file a writ of certiorari with the Supreme Court, the conviction becomes final 90 days after the court of appeals issues its decision, Dodd v. United States, 125 S. Ct. 2478, 2480 (2005) (citing Clay v. United States, 123 S. Ct. 1072, 1075 (2003)).

On February 12, 2024, the Fifth Circuit entered judgment affirming Petitioner's conviction.  United States v. Badenock, No. 21-20468, 2024 WL 550331, at *1 (5th Cir. Feb. 12, 2024). Petitioner did not file a petition for writ of certiorari with the Supreme Court.  Therefore, Petitioner's conviction would have become final on May 12, 2024, 90 days after the Fifth Circuit entered judgment affirming Petitioner's conviction. Dodd, 1225

---

[19]Petitioner does not make an argument that could reasonably be interpreted as asserting his motion is timely under § 2255(f)(3) or § 2255(f)(4).

S. Ct. at 2480 (citing <u>Clay</u>, 123 S. Ct. at 1075). However, because May 12, 2024, fell on a Sunday, Petitioner's conviction became final on May 13, 2024. Sup. Ct. R. 30.1 (providing that if the last day to file a writ of certiorari falls on a "Saturday, Sunday, or federal legal holiday," the deadline "shall extend until the end of the next day that is not a Saturday, Sunday, or federal legal holiday"). Petitioner had one year from May 13, 2024, to file his § 2255 motion. 28 U.S.C. § 2255(f)(1).

Petitioner argues that his one-year limitation petriod began on June 3, 2024, 90 days from the date that the Fifth Circuit issued the mandate in his criminal appeal.[20] As discussed above, the 90-day deadline to file a writ of certiorari with the Supreme Court runs from the date of entry of the judgment, not the mandate. <u>Dodd</u>, 1225 S. Ct. at 2480 (citing <u>Clay</u>, 123 S. Ct. at 1075). Because Petitioner did not place his § 2255 motion in the prison mail system until June 23, 2025,[21] more than six weeks after the limitations period expired, Petitioner's § 2255 Motion is untimely under 28 U.S.C. § 2255(f).

> b.   Statutory tolling under 28 U.S.C. § 2255(f)(2) is not applicable in this case.

Petitioner argues that his one-year limitation period was tolled under § 2255(f)(2) because the government impeded his

---

[20]Judgment of United States Court of Appeals for the Fifth Circuit, Docket Entry No. 453, p. 2.

[21]Petitioner's § 2255 Motion, Docket Entry No. 465, p. 12.

ability to file a § 2255 motion by restricting him from "accessing the law library, copy machine, mailing supplies, and essential staff" during a modified operation at his prison facility.[22]

Under § 2255(f)(2), the one-year limitation period may be statutorily tolled when the movant is prevented from making a motion by governmental action. In such a case the one-year limitation period would run from "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed if the movant was prevented from making a motion by such governmental action." To invoke statutory tolling under § 2255(f)(2), a movant must establish that: (1) he was prevented from filing a § 2255

---

[22]Petitioner's Request for Untimely Petition, Docket Entry No. 466, p. 1. Petitioner raised additional allegations of government interference in his reply to the Government's opposition. Petitioner alleges that the government interfered with his ability to timely file by (1) refusing to timely rule on Petitioner's motions to compel and (2) placing Petitioner in a high security prison when he is not a threat. Petitioner's Response to Government's Opposition to the request for acceptance of an Untimely 2255 Petition & Government's Motion to Dismiss ("Petitioner's Reply to Government's Opposition"), Docket Entry No. 480, pp. 2-5. However, the facts alleged by Petitioner do not support statutory tolling under § 2255(f)(2). See Bien v. Lumpkin, No. 22-11032, 2023 WL 4449107, at *1 (5th Cir. Feb. 28, 2023) (holding that tolling is not available when a petitioner is able to file their federal habeas application without their legal file); Gatch v. United States, Civil Action No. 1:09cv770, 2012 WL 1867035, at *2 (E.D. Tex. May 21, 2012) (stating that a petitioner must show that government action actually prevented him from timely filing).

Moreover, "[a]rguments raised for the first time in a reply brief will not be considered by the Court where the issue has not been fully briefed by both parties." Salinas v. State Farm Fire and Casualty Co., Civil Action No. B-10-194, 2011 WL 13254062, at *5 (S.D. Tex. Dec. 27, 2011).

motion, (2) by governmental action; (3) in violation of the Constitution or federal law. <u>Krause v. Thaler</u>, 637 F.3d 558, 561 (5th Cir. 2011) (interpreting a similar provision applicable to federal habeas corpus petitions filed by state prisoners under 28 U.S.C. § 2254). The petitioner must show that the government action <u>actually</u> prevented him from filing his motion. <u>Gatch</u>, 2012 WL 1867035, at *2.

Petitioner has not presented facts that support statutory tolling under § 2255(f)(2). His lack of access to the law library from May 16, 2025, to June 11, 2025, did not impede Petitioner from timely filing his motion. <u>See</u> <u>Akins v. United States</u>, 204 F.3d 1086, 1090 (11th Cir. 2000) ("The mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment."). To invoke tolling due to the inability to visit the prison law library, a movant must show that "the lack of library access . . . 'actually <u>prevented</u> [him] from timely filing his habeas petition.'" <u>United States v. Clay</u>, Criminal No. 2:18-1282-10, 2021 WL 2018996, at *3 (S.D. Tex. May 18, 2021) (quoting <u>Thaler</u>, 637 F.3d at 561). Besides his statement that the modified operations from May 16, 2025, to June 11, 2025, at his prison facility restricted him from "accessing the law library, copy machine, mailing supplies, and essential staff,"[23] Petitioner does not offer any specific factual explanation on how this lack of

---

[23]Petitioner's Request for Untimely Petition, Docket Entry No. 466, p. 1.

access prevented the timely filing of his federal habeas motion. Moreover, Petitioner was not put on lockdown until May 16, 2025, three days after the May 13, 2025, filing deadline.

Because Petitioner has not presented facts to establish that (1) he was prevented from filing a § 2255 motion, (2) by governmental action, (3) in violation of the Constitution or federal law, § 2255(f)(2) is not applicable to Petitioner's one-year limitation period.

    2.    <u>Equitable tolling is not applicable in this case.</u>

Petitioner argues that he is entitled to equitable tolling because he was subjected to extraordinary circumstances when he (1) miscalculated the one-year limitation period and (2) was restricted from accessing the law library and other resources.[24]

Equitable tolling may apply when "strict application of the statute of limitations would be inequitable." <u>Mathis v. Thaler</u>,

---

[24]<u>Id.</u>    Petitioner also argues in Petitioner's Reply to Government's Opposition that he was diligently pursuing his rights. He states that though there was a year to file his § 2255 motion before the lockdown, he could not do so because during the one-year limitation period he (1) had a medical condition and (2) was navigating the immigration process pro se.  Petitioner's Reply to Government's Opposition, Docket Entry No. 480, pp. 7, 9–10, 23. However, the facts alleged by Petitioner do not support equitable tolling.  <u>See</u> <u>Harper v. Ercole</u>, 648 F.3d 132, 137 (2d Cir. 2011) (holding that a petitioner must demonstrate how a medical condition actually prevented him from filing); <u>Felder v. Johnson</u>, 204 F.3d 168, 171–72 (5th Cir. 2000) (holding that layman status and lack of knowledge of the law does not give rise to equitable tolling).

    As discussed above, "arguments raised for the first time in a reply brief will not be considered by the [c]ourt where the issue has not been fully briefed by both parties."  <u>Salinas</u>, 2011 WL 13254062, at *3.

616 F.3d 461, 475 (5th Cir. 2010). ". . . a [habeas] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)). The failure to meet the statute of limitations "must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner has the burden of justifying equitable tolling. Hardy v. Quarterman, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam).

Petitioner has not presented facts indicating that extraordinary circumstances prevented timely filing. First, his miscalculation of his filing date does not give rise to equitable tolling as neither the lack of knowledge of the law or filing deadlines nor layman status is an extraordinary circumstance. Felder, 204 F.3d at 171-72; see also Cardenas v. United States, Criminal No. B:13-cr-171-1, 2018 WL 4599838, at *9 (S.D. Tex. May 7, 2018) (stating that "a pro se petitioner is not entitled to equitable tolling because he or she was mistaken about the deadline to properly file a petition"). Second, Petitioner's lack of access to the law library and other resources during the prison facility lockdown from May 16, 2025, to June 11, 2025, is not an

extraordinary circumstance on its own.[25]    See United States v. Ramirez, Criminal No. B-07-041-1, 2010 WL 837446, at *3 (S.D. Tex. March 4, 2010) (explaining that a lockdown is only relevant if it actually prevents the timely filing of a § 2255 motion); see also United States v. Saenz-Lopez, No. 3:02-cr-285-M, 2009 WL 453932, at *3 (N.D. Tex. Feb. 23, 2009); Akins, 204 F.3d at 1090.  Outside of his statement that he was restricted from "accessing the law library, copy machine, mailing supplies, and essential staff," Petitioner does not offer any specific explanation on how this lack of access prevented him from timely filing.  Without more specific allegations such as being physically prevented from mailing his § 2255 motion or lacking access to the prison mail system during the limitations period, the general claim that Petitioner was subject to a prison lockdown does not entitle him to equitable tolling.  Tate v. Parker, 439 F. App'x 375, 376 (5th Cir. 2011) (per curiam) (finding that "temporary denial of access to research materials or the law library . . . are not sufficient to warrant equitable tolling").

Because Petitioner has not presented facts indicating that extraordinary circumstances prevented him from timely filing, equitable tolling is not applicable in this case.

_____

[25]Because Petitioner's deadline to file his § 2255 motion was May 13, 2025, his argument that the lockdown prevented him from timely filing is not relevant.  However, even assuming the deadline expired during the lockdown as Petitioner argues, equitable tolling is unavailable.

**C.    Petitioner sets forth insufficient grounds for recusal**.

A judge should recuse himself in "any proceeding in which his impartiality might reasonably be questioned."  <u>Republic of Panama v. American Tobacco Company Inc.</u>, 217 F.3d 343, 346 (5th Cir. 2000) (internal quotation marks omitted).  Although a judge should recuse if the movant sets forth meritorious grounds, it is equally clear that a judge should not recuse if the movant sets forth grounds that are insufficient.  <u>See</u> <u>Maier v. Orr</u>, 758 F.2d 1578, 1583 (Fed. Cir. 1985).  "[A]dverse rulings in a case are not an adequate basis for demanding recusal."  <u>United States v. MMR Corp.</u>, 954 F.2d 1040, 1045 (5th Cir. 1992).

The court has carefully considered Petitioner's arguments and has concluded that he has shown no basis why the undersigned judge should recuse himself.  All of Petitioner's complaints relate to the timing and the rulings of the court.[26]  Petitioner's dissatisfaction with the court's rulings does not provide a basis for recusal.

## III.  <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2255 Proceedings states that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability will not issue unless

---

[26]Petitioner's Motion for Recusal, Docket Entry No. 487, pp. 1-3.

-13-

that applicant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires an applicant to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under that controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) (internal quotation marks omitted).

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The court concludes that reasonable jurists could not find any of Petitioner's claims meritorious, so a certificate of appealability will be denied.

## IV.  Conclusion and Order

Petitioner's Motion for Extension of 28 U.S.C. § 2255 Petition Deadline (Docket Entry No. 460) is **DENIED** for lack of jurisdiction. Because the deadline for Petitioner to file was May 13, 2025, under 18 U.S.C. § 2255(f)(1), Petitioner's Request for Acceptance of Untimely Habeas Petition Pursuant to 28 U.S.C. § 2255(f) (Docket

-14-

Entry No. 466) is **DENIED.** Because Petitioner did not timely file his Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody under 28 U.S.C. § 2255 (Docket Entry No. 465), the motion is **DISMISSED.** Because Petitioner set forth insufficient grounds for recusal, his Motion for Recusal (Docket Entry No. 487) is **DENIED.** Petitioner's Motion to Compel (Docket Entry No. 459) is **DENIED AS MOOT.** Because the court concludes that no reasonable jurist could find any of Petitioner's claims meritorious, a certificate of appealability is **DENIED.**

**SIGNED** at Houston, Texas, on this 18th day of September, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-15-